UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE EARL JONES,<br><br>Plaintiff,<br><br>v.<br><br>BRET MURPHEY, et al.,<br><br>Defendants. | Case No. 24-cv-07831-NW<br><br>**ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS, SERVING COMPLAINT, AND DENYING REQUEST FOR SUBPOENA**<br><br>Re: ECF No. 23 |

Plaintiff Jimmie Earl Jones, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The Court dismissed the prior complaints for failure to state a claim and granted Jones leave to amend. The Third Amended Complaint (ECF No. 22) is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a). Jones' request seeking to subpoena a Defendant is also before the Court. *See* ECF No. 23.

For the reasons outlined below, the Court **DISMISSES** certain claims and Defendants, **ORDERS SERVICE** of the Third Amended Complaint, and **DENIES** the request for a subpoena without prejudice to Jones seeking the documents during discovery.

## I.    BACKGROUND

The Third Amended Complaint states as follows:

Bret Murphey, a CAL-FIRE employee stationed at the Eel River Conservation Center, sexually assaulted Jones in October 2023 by "aggressively" grabbing Jones' penis. ECF No. 22 at 4. Alyssa Arizaga Esposti and Lieutenant Aaron Auzette, investigators assigned to Jones' staff Prison Rape Elimination Act ("PREA") complaint, allegedly met with Jones and told him that CAL-FIRE was aware of employees' "predatory behaviors" but allowed it to "continue and progress [until] it got to touching." *Id.* at 1. Esposti allegedly told Jones about accusations made

by other prisoners, each involving sexual misconduct by CAL-FIRE employees.  Another CAL-FIRE employee, Claudhill, allegedly found out about Jones' complaint and sexual orientation and commented to Jones that he had seen Jones on an app, Grindr, which Jones describes as a "homosexual . . . hooking up app."  *Id*. at 4.

Jones contends that Lieutenant Reames framed him for a fake rules violation and transferred him to Sierra Conservation Center in retaliation of Jones' accusation against Murphey, and physically assaulted Jones on December 7, 2023, while Jones was "fully restrained."  ECF No. 22 at 3.  Reames also reportedly forced Jones to act as lead cook for two days despite unspecified medical injuries and lied to Jones about Murphey's identity.  Jones alleges that Reames frequently transfers prisoners who file complaints against staff to maintain the appearance that no complaints are being made.  Jones suffered mental stress and panic attacks as a result of the incidents.

## II.     LEGAL STANDARD

Federal courts conduct a preliminary screening of cases in which prisoners seek redress from a governmental entity, an officer, or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face" standard of

United States District Court
Northern District of California

*Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under Section 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). "A person deprives another 'of a constitutional right, within the meaning of Section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" *Leer*, 844 F.2d at 633 (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

## III.    DISCUSSION

The Court addresses each group of claims below.

### A.    Failure to Protect

#### 1.    Murphey

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials have a duty to protect prisoners from violence at the hands of other prisoners or staff members. *Id.* at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). "A prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or

demeaning the prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020).  As noted in the Court's prior screening order, Jones states a cognizable Eighth Amendment claim against Murphey based on his alleged grabbing of Jones' penis in October 2023.

### 2.    Remaining Defendants

In addition, the failure of prison officials to protect inmates from attacks by other inmates or staff members, or from other dangerous conditions at the prison, violates the Eighth Amendment when two requirements are met:  (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety.  *Farmer*, 511 U.S. at 834.  A prison official is deliberately indifferent if he knows of, and disregards, an excessive risk to inmate health or safety by failing to take reasonable steps to abate it.  *Id.* at 837.  A prisoner states a failure-to-protect claim where the prisoner's allegations are sufficient to raise an inference that the named prison officials knew that the prisoner faced a substantial risk of serious harm, disregarded that risk, and failed to take reasonable measures to abate it.  *See Hearns*, 413 F.3d at 1041–42 (citing *Farmer*, 511 U.S. at 847).

Jones asserts that Esposti, Auzette, and Reames—all of whom were tasked with investigating Jones' sexual assault and were allegedly aware of other instances of sexual misconduct by CAL-FIRE employees at the camp—failed to intervene or discipline Murphey, placing Jones in danger.  Liberally construed, Jones states cognizable claims of failure to protect against Esposti, Auzette, and Reames.

The remaining claims of failure to protect fail.  To the extent Jones alleges that Reames forced him to work while Jones had unspecified injuries, the allegations are too vague to state a claim of deliberate indifference.  Moreover, to the extent that Jones alleges that Claudhill found out about the allegations and made comments about Jones' sexuality, the Court concludes that although Claudhill's alleged comments were disrespectful, allegations of verbal harassment and abuse do not amount to a constitutional violation.  *Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012) ("'the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons' of which 'we do not approve,' but which do not violate the Eighth Amendment."); *see, e.g.*, *Young v. Valenzuela*, No. 22-cv-02350-WHO, 2024 WL

4950178, *2 (N.D. Cal. Dec. 2, 2024) (deputy's alleged vulgar and racially discriminatory comments to plaintiff did not state constitutional claim). Because the Court has already granted leave to amend on multiple occasions and further amendment would be futile, dismissal of these claims against Reames and Claudhill are without leave to amend. *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

### B. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted). A prisoner may not be retaliated against for using a prison's grievance procedures. *Id.* at 567.

Jones alleges that Reames framed him with a fake rules violation and transferred him to a different prison in retaliation for Jones PREA complaint against Murphey in order to maintain the appearance that Eel River Conservation Center did not have any incidents of staff misconduct. Liberally construed, Jones states a cognizable retaliation claim against Reames.

### C. Excessive Force

The treatment of and conditions of confinement for a convicted prisoner are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). When prison officials are accused of using excessive physical force in violation of the Eighth Amendment, the core judicial determination is whether force was applied in a good-faith effort to maintain or restore discipline, or whether the force was applied maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). In making this determination, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *See Hudson*, 503 U.S. at 7.

United States District Court
Northern District of California

United States District Court
Northern District of California

Here, Jones alleges that Reames physically assaulted him while Jones was "fully restrained." ECF No. 22 at 3. Accordingly, Jones states a cognizable claim of excessive force against Reames. *See, e.g., Spain v. Procunier*, 600 F.2d 189, 195 (9th Cir. 1979) (guards may use force only in proportion to need in each situation); *Watts v. McKinney,* 394 F.3d 710, 712 (9th Cir. 2005) (finding that kicking a handcuffed prisoner in the genitals was "near the top of the list" of acts taken with cruel and sadistic purpose to harm another).

### D.    PREA

Jones contends that he filed a complaint under PREA, 34 U.S.C. §§ 30301–30309. To the extent Jones is attempting to raise a claim under PREA, however, several courts have found that PREA does not establish a private cause of action, even for allegations of sexual assault. *See Krieg v. Steele*, 599 Fed. App'x 231 (5th Cir. 2015) (collecting cases); *Tenney v. Baldwin*, No. 16-cv-00115-SMY, 2016 WL 2755171, at *3 (S.D. Ill. May 12, 2016) ("[T]he Court finds that the PREA does not create a private cause of action"); *Wimberly v. Alician*, No. 19-cv-08316, 2020 WL 1877732, *3 (N.D. Cal. Apr. 15, 2020) (same).

Therefore, Jones does not state a claim upon which relief may be granted under PREA, and this claim must be **DISMISSED**. As any amendment would be futile, dismissal is without leave to amend. *Wheeler*, 894 F.3d at 1059.

### E.    Request for Subpoena

Jones also filed a request seeking that this Court issue a subpoena requiring Esposti to turn over certain discovery. Because Esposti has not yet been served, the request is premature and therefore **DENIED** without prejudice to Jones seeking the documents through discovery.

Following the issuance of this order, Jones may engage in the discovery process with Esposti and the other Defendants. Jones is also advised that subpoenas are generally not utilized in seeking discovery from Defendants. *See* Fed. R. Civ. P. 37(a) (motion to compel). Rather the appropriate forms of discovery on a party, including Defendants, are depositions, requests for production of documents, interrogatories, and requests for admissions. *See* Fed. R. Civ. P. 31 (depositions by written questions), 33 (interrogatories), 36 (requests for admission).

However, if in the future Jones believes that a subpoena to a non-party is warranted, he

must request one in writing from this Court.  Federal Rule of Civil Procedure 45(d)(1) requires a party seeking a subpoena to take "reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena."  To that end, Jones will be required to submit to the Court for review any proposed subpoena duces tecum and (1) identify the specific evidence sought, (2) show that the evidence is not equally available to him or obtainable from Defendants through discovery, and (3) establish that the evidence sought falls within the proper scope of discovery. *Accord Pulido v. Lounes*, No. 14-cv-01174-DAD-EPG, 2016 WL 6094900, *2 (E.D. Cal. Oct. 19, 2016).  Only upon such showing will the Court consider authorizing the Clerk to issue the proposed subpoena and ordering the U.S. Marshal to serve it.

## IV.   CONCLUSION

The Court orders as follows:

1. Jones states the following cognizable claims:

    a. Eighth Amendment failure to protect claims against Murphey, Esposti, Auzette, and Reames.

    b. First Amendment retaliation claim against Reames.

    c. Eighth Amendment excessive force claim against Reames.

2. All other claims and defendants are **DISMISSED** without leave to amend.

3. Jones' request for subpoena (ECF No. 23) is **DENIED** without prejudice to Jones seeking the documents in question through the discovery process.

4. Defendants Murphey, Esposti, Auzette, and Reames shall be **SERVED**.

    a. Service shall proceed under CDCR's e-service pilot program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the Clerk of the Court is directed to serve on CDCR via email the following documents:  the operative complaint (ECF No. 22), this order, a CDCR Report of E-Service Waiver form, and a summons.

    b. No later than **45 days** after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court whether Defendants will be waiving service of process

United States District Court
Northern District of California

without the need for service by the United States Marshal Service ("USMS") or whether any Defendant declined to waive service. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office, which, within **21 days of service**, shall file with the Court a waiver of service of process for the Defendants waiving service.

c.  Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The Clerk shall provide to the USMS the completed USM-285 form and copies of this order, summons, and operative complaint for service upon each Defendant who has not waived service. The Clerk shall also provide to the USMS a copy of the CDCR Report of E-Service Waiver.

d.  Additionally, the Clerk shall mail a copy of this order to Jones.

5.  In order to expedite the resolution of this case, the Court orders the following briefing schedule:

a.  No later than **90 days** from the date of service, Defendants will file a motion for summary judgment or other dispositive motion. The motion will be supported by adequate factual documentation, shall conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they will inform the Court prior to the date the dispositive motion is due. All papers filed with the Court will be promptly served on Jones.

b.  At the time the dispositive motion is served, Defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-54 (9th Cir. 1998) (en banc), and *Wyatt v.*

8

United States District Court
Northern District of California

*Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003).  *See Woods v. Carey*, 684 F.3d 934, 940-41 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for non-exhaustion is filed, not earlier); *Rand*, 154 F.3d at 960 (separate paper requirement).

c.  Jones's opposition to the dispositive motion, if any, will be filed with the Court and served upon Defendants no later than **28 days** from the date the motion was served upon him.  Jones must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand*, 154 F.3d at 953-54, and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).  If Defendants file a dispositive motion claiming that Jones failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), he should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which must be provided to him as required by *Wyatt*, 315 F.3d at 1120 n.4.

d.  If Defendants wish to file a reply brief, they shall do so no later than **14 days** after the opposition is served upon them.

e.  The motion shall be deemed submitted as of the date the reply brief is due.  Absent a further order of the Court, no hearing will be held on the motion.

6.  All communications by Jones with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

8.  It is Jones' responsibility to prosecute this case.  Jones must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure

9

to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 6, 2026

_____

Noël Wise
United States District Judge

United States District Court
Northern District of California

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.