UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JIMMIE EARL JONES,

Plaintiff,

v.

BRET MURPHEY, et al.,

Defendants.

Case No. 24-cv-07831-NW

**ORDER FOR FURTHER SERVICE EFFORTS, DENYING PLAINTIFF'S MOTION TO PRESENT EVIDENCE, & CHANGING TIME TO FILE DISPOSITIVE MOTION**

Re: ECF No. 28

Plaintiff Jimmie Earl Jones, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983, where he alleges violations of his constitutional rights while he was imprisoned at Eel River Conservation Center.  The Court ordered service of the Complaint on February 6, 2026. *See* ECF No. 26.  On February 13, 2026, the Court received a notice from the California Department of Corrections and Rehabilitation ("CDCR") that Defendants Bret Murphey and Alyssa Arizaga Esposti, who are not CDCR employees, did not waive service pursuant to the court's CDCR E-Service Waiver program.  The Court is also in receipt of Jones' motion to present evidence of exhaustion.  *See* ECF No. 28.

The Court orders as follows:

1. Defendants Murphey and Esposti shall be **SERVED**.  The Clerk will issue a summons, and the United States Marshal will serve, without prepayment of fees, copies of the Third Amended Complaint (ECF No. 22) with attachments, the Court's order of service (ECF No. 26), and copies of this order at the following address:  Eel River Conservation Center, 850 Eel River Camp Road, Redway CA 95560.

2. Jones' motion to present evidence of exhaustion (ECF No. 28) is **DENIED** without

prejudice as premature.  Failure to exhaust is an affirmative defense that must be raised by Defendants.  *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (Failure to exhaust under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) is "an affirmative defense the defendant must plead and prove."); *id*. at 16.  No such defense has been raised at this time, and the issue of exhaustion is not currently before the Court.

3. To expedite the resolution of this case, the Court *sue sponte* orders changes to the briefing schedule as follows:

    a. No later than **90 days** from the date of service for Defendants Murphey and Esposti, Defendants will file a motion for summary judgment or other dispositive motion.  The motion will be supported by adequate factual documentation, shall conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue.  If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they will inform the Court prior to the date the dispositive motion is due.  All papers filed with the Court will be promptly served on Jones.

    b. At the time the dispositive motion is served, Defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953–54 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003).  *See Woods v. Carey*, 684 F.3d 934, 940–41 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for non-exhaustion is filed, not earlier); *Rand*, 154 F.3d at 960 (separate paper requirement).

    c. Jones's opposition to the dispositive motion, if any, will be filed with the Court and served upon Defendants no later than **28 days** from the date the motion was served upon him.

United States District Court
Northern District of California

    d.  If Defendants wish to file a reply brief, they shall do so no later than **14 days** after the opposition is served upon them.

    e.  The motion shall be deemed submitted as of the date the reply brief is due. Absent a further order of the Court, no hearing will be held on the motion.

4. All communications by Jones with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

6. It is Jones' responsibility to prosecute this case. Jones must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 16, 2026

_____

Noël Wise
United States District Judge

3