United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JIMMIE EARL JONES,

Plaintiff,

v.

BRET MURPHEY, et al.,

Defendants.

Case No. 24-cv-07831-NW

**ORDER REGARDING FURTHER SERVICE ATTEMPTS, ORDERING DEFENDANT REAMES TO FILE DISPOSITIVE MOTION**

Following waiver of service by Defendant Reames, on March 16, 2026, the Court directed the United States Marshal to serve Defendants Esposti and Murphey, who are not employees of the California Department of Corrections and Rehabilitation and did not waive service, at the location provided by Plaintiff Jimmie Earl Jones. *See* ECF No. 32. On July 6, 2026, the summons for both Defendants were returned unexecuted because neither Defendant works at the address provided by Jones. *See* ECF Nos. 35.

In cases where a plaintiff proceeds *in forma pauperis*, "officers of the court shall issue and serve all process." 28 U.S .C. § 1915(d). The Court must appoint the Marshal to effect service and the Marshal, upon order of the Court, must serve the summons and the complaint. *See* Fed. R. Civ. P. 4(c)(2); *Walker v. Sumner,* 14 F.3d 1415, 1422 (9th Cir. 1994). Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, he "may not remain silent and do nothing to effectuate such service." *Rochon v. Dawson,* 828 F.2d 1107, 1110 (5th Cir. 1987). Rather, if the Marshal is unable to effectuate service through no fault of his own, *e.g.*, because the plaintiff failed to provide sufficient information or because the defendant is not where plaintiff claims, and plaintiff is informed, plaintiff must seek to remedy the situation or face dismissal. *See Walker v. Sumner*, 14 F.3d 1415, 1421–22 (9th Cir. 1994), *abrogated on other*

*grounds by Sandin v. Conner*, 515 U.S. 472 (1995) (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served); *see also Del Raine v. Williford*, 32 F.3d 1024, 1029–31 (7th Cir. 1994) (under prior version of Rule 4(m), prisoner failed to show good cause for failing to timely effect service on defendant because plaintiff did not provide marshal with copy of amended complaint until after more than 120 days after it was filed).

Here, Jones' Third Amended Complaint has been pending for well over 90 days, and thus, absent a showing of "good cause," subjects the claims against unserved Defendants to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). Because Jones has not provided sufficient information to allow the Marshal to locate and serve Esposti or Murphey, the claims against them will be dismissed without prejudice under Rule 4(m) unless Jones either effects service upon them or provides the Court with an accurate current location such that the Marshal is able to effect service upon each Defendant. *See Walker,* 14 F.3d at 1421–22.

The Court orders as follows:

1. Within **30 days** of the date of this order, Jones shall (1) serve Defendants Esposti and Murphey, or (2) provide the Court with sufficient location information to enable service upon Defendants Esposti and Murphey. Failure to comply with this Court's order will result in the dismissal of Defendants Esposti and Murphey without prejudice pursuant to Rule 4(m).
2. As Reames has already waived service, Jones' claims against Reames will proceed.
3. To expedite the resolution of this case, the Court *sua sponte* orders changes to the briefing schedule as follows:
    a. No later than **90 days** from the date of this order, all served Defendants, including Esposti and Murphey if Jones has properly served them within 30 days of this order, will file a motion for summary judgment or other dispositive motion. The motion will be supported by adequate factual documentation, shall conform in all respects to Federal Rule of Civil

United States District Court
Northern District of California

Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they will inform the Court prior to the date the dispositive motion is due. All papers filed with the Court will be promptly served on Jones.

b. At the time the dispositive motion is served, Defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953–54 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940–41 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for non-exhaustion is filed, not earlier); *Rand*, 154 F.3d at 960 (separate paper requirement).

c. Jones's opposition to the dispositive motion, if any, will be filed with the Court and served upon Defendants no later than **28 days** from the date the motion was served upon him.

d. If Defendants wish to file a reply brief, they shall do so no later than **14 days** after the opposition is served upon them.

e. The motion shall be deemed submitted as of the date the reply brief is due. Absent a further order of the Court, no hearing will be held on the motion.

4. All communications by Jones with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

6. It is Jones' responsibility to prosecute this case. Jones must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a

timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 1, 2026

Noël Wise
United States District Judge